CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 3 0 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JANET BROWN, ) | |
|    Petitioner, ) | Civil Action No. 7:06cv00568 |
| ) | |
| ) | **MEMORANDUM OPINION** |
| ) | |
| VIRGINIA CORRECTIONAL, ) | |
| CENTER FOR WOMEN ) | By: Samuel G. Wilson |
|    Respondent. ) | United States District Judge |

Petitioner Janet Brown, a Virginia inmate proceeding pro se, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Brown is challenging her December 14, 2004 conviction in the Circuit Court of Staunton, Virginia for multiple charges of petit larceny. As grounds for relief, Brown alleges that her sentence was "over [the] guideline." The court finds that Brown has not exhausted her available state court remedies and therefore dismisses her petition.

I.

On December 14, 2004, the Circuit Court of Staunton, Virginia convicted Brown of multiple counts of petit larceny and sentenced her to three years incarceration. Brown filed an appeal on March 3, 2005, which was denied on June 23, 2005. In her appeal, Brown claimed that her sentence was "over [the] guideline." On May 17, 2006, Brown raised her claims though a state habeas corpus petition in the Supreme Court of Virginia; her petition was granted on October 4, 2006. In granting her habeas petition, the Virginia Supreme Court found that Brown was "denied her right of appeal" and granted her leave to file an appeal in that court.

II.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which she was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If a petitioner has not exhausted her state court remedies, the federal district court must dismiss her petition. Slayton v. Smith, 404 U.S. 53, 54 (1971).

The Supreme Court of Virginia's order of October 4, 2006, granted Brown leave to appeal her criminal case. The court stated that "all computations of time . . . shall commence on the date of entry of this order or . . . from the date of entry of the order of the circuit court so appointing counsel, whichever date shall be later." Pursuant to the rules of the Supreme Court of Virginia, a notice of appeal must be filed within 30 days after the entry of final judgement. VA Sup. Ct. R. Pt. 5, 5:9. Accordingly, Brown has until at least November 3, 2006 to file a notice of appeal and thereafter pursue her appeal in the Supreme Court of Virginia. Therefore, Brown's time to file an appeal has not expired and she still has available state court remedies for her claim.

### III.

For the reasons stated herein, Brown's § 2254 petition is dismissed for failure to exhaust state court remedies.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to the petitioner and counsel of record for the respondent.

**ENTER:** This 30th day of October, 2006.

United States District Judge